UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:16-cr-0085-JMS-TAB |
| | ) | |
| SHAWN WESLEY WALTER WOLFE, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable

Jane Magnus Stinson, directing the duty magistrate judge to conduct a hearing on the Petitions

for Warrant or Summons for Offender Under Supervision ("Petition") filed on March 5, 2021,

and April 29, 2021, and to submit proposed Findings of Facts and Recommendations for

disposition under 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on June 24, 2021, in

accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On June 24, 2021, defendant Shawn Wesley Walter Wolfe appeared in person with his

appointed counsel, Gwendolyn Beitz. The government appeared by Jeremy Morris, Assistant

United States Attorney. The United States Probation Office ("USPO") appeared by Officer

Jason Phillips, who participated in the proceedings.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise
noted. *See* 18 U.S.C. § 3401(e).

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1.      The court advised Mr. Wolfe of his right to remain silent, his right to counsel, and his right to be advised of the charges against him. The court asked Mr. Wolfe questions to ensure that he had the ability to understand the proceedings and his rights.

2.      A copy of the Petition was provided to Mr. Wolfe and his counsel, who informed the court they had reviewed the Petition and that Mr. Wolfe understood the violations alleged. Mr. Wolfe waived further reading of the Petition.

3.      The court advised Mr. Wolfe of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petition. Mr. Wolfe was advised of the rights he would have at a preliminary hearing. Mr. Wolfe stated that he wished to waive his right to a preliminary hearing and stipulated that there is a basis in fact to hold him on the specifications of violations of supervised release as set forth in the Petition.

4.      The court advised Mr. Wolfe of his right to a hearing on the Petition and of his rights in connection with a hearing. The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against him unless the court determined that the interests of justice did not require a witness to appear.

5.      Mr. Wolfe, by counsel, stipulated that he committed Violation Number 1 set forth in the Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"You must not commit another federal, state, or local crime."** |

According to the Fort Wayne Police Department (FWPD) probable cause affidavit, on February 5, 2021, Shawn Wolfe went to a Fort Wayne, Indiana, Kohl's department store. Mr. Wolfe went to the jewelry counter and asked to see a diamond ring valued at $9,250.00. During this interaction with the Kohl's employee, Mr. Wolfe switched the $9,250.00 diamond ring for a fake ring, which he gave back to the employee. Mr. Wolfe then left the store with the $9,250.00 ring without paying for it.

On February 6, 2021, Kohl's contacted FWPD regarding the theft. Through the course of the investigation, the Kohl's employee was able to positively identify Mr. Wolfe as the person who stole the $9,250.00 ring. It was also noted his dark blue Dodge Charger was identified as leaving the store on the evening of the theft. Additionally, a detective with FWPD searched Mr. Wolfe's pawn activity in a law enforcement database and located the stolen ring at an Indianapolis pawn shop. It was learned Mr. Wolfe pawned the $9,250.00 ring in Indianapolis on February 18, 2021, and he received $2,300.00 in cash from the pawn shop. During this incident, Mr. Wolfe declared he had a military identification for purposes of opening a line of credit. He also identified himself verbally, and with a badge, as a retired police officer to the pawn shop employee. The theft incident and pawn transaction were captured on video surveillance.

According to Allen County Deputy Prosecuting Attorney Timothy Sipe, his office is prosecuting Mr. Wolfe for Felony Theft, a level 6 felony. Formal charges are anticipated to be filed by March 8, 2021, including an arrest warrant issuance.

6.      The court placed Mr. Wolfe under oath and directly inquired of Mr. Wolfe whether he admitted Violation Number 1 of his supervised release set forth above. Mr. Wolfe admitted the violation as set forth above.

7.      Government orally moved to withdraw the remaining violations, which motion was granted by the Court.

8.      The parties and the USPO further stipulated:

(a)      The highest grade of Violation (Violation 1) is a Grade B violation (U.S.S.G. § 7B1.1(a)(2)).

(b)      Mr. Wolfe's criminal history category is VI.

(c)     The range of imprisonment applicable upon revocation of Mr. Wolfe's supervised release, therefore, is 21 - 27 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

10.     The parties jointly recommended a sentence of twenty-one (21) months with no supervised release to follow. Defendant requested placement at USP Marion with drug treatment classes.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, SHAWN WESLEY WALTER WOLFE, violated the above-specified conditions in the Petition and that his supervised release should be and therefore is **REVOKED**, and he is sentenced to the custody of the Attorney General or his designee for a period of twenty-one (21) months with no supervised release to follow. This Magistrate Judge makes a recommendation of place at USP Marion with drug treatment classes. The Magistrate Judge further notes in accepting the parties' proposed sentence, which is at the low range of the guidelines, that Mr. Wolfe remains subject to a number of other pending charges in state courts and further notes that he will likely be on state-imposed supervised release at the completion of his federal sentence.

Counsel for the parties and Mr. Wolfe stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B) and (C); and, Federal Rules of Criminal Procedure 59(b)(2).

Counsel for the parties and Mr. Wolfe entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the

Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which she may reconsider.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation revoking Mr. Wolfe's supervised release, imposing a sentence of twenty-one (21) months with no supervised release to follow. This Magistrate Judge makes a recommendation of placement at USP Marion with drug treatment classes. The defendant is to be taken into immediate custody pending the district court's action on this Report and Recommendation.

IT IS SO RECOMMENDED.

Date: 6/28/2021

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system